IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALBERTO RUIZ, JR,

       Plaintiff,

v.                                     CASE NO. 4:10-cv-00275-MP-GRJ

KATHLEEN FURNHAM, et al,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is an inmate at Mayo Correctional Institution ("Mayo CI") proceeding *pro se*. The Court has before it for review, Plaintiff's First Amended Complaint. For the reasons discussed below, Plaintiff has failed to state a claim for relief and therefore the Complaint should be dismissed.

## I.  The First Amended Complaint

In his First Amended Complaint, doc 7, Plaintiff brings a claim pursuant to 42 U.S.C. §1983 alleging that he has incurred health issues from eating food with high levels of soy protein resulting from the implementation of a policy by Defendants authorizing the use of soy-laden food items in an effort to reduce costs throughout the Florida Department of Corrections.[1]  Plaintiff suggests that because he has been provided with food having high levels of soy protein he is at a higher risk of cancer and faces the possibility of increased sterility. Further, although the institution has provided the Plaintiff with alternative menu items, Plaintiff complains that because these items

---

[1] Plaintiff complains of pain in his abdomen, chronic constipation alternating with diarrhea, acne, and joint pain.

all contain bean products, the alternative menu causes "an extreme amount of human gas" every 15 minutes which disrupts his sleep.

Plaintiff claims he became suspicious that he was suffering from soy poisoning after reading articles from the Weston Price Foundation. Plaintiff alleges he sought medical treatment for his symptoms in April 2010. The medical staff, however, did not confirm that Plaintiff was suffering from soy poisoning nor was Plaintiff placed on a special diet. According to Plaintiff, even though he was not advised by medical staff that he was suffering from soy poisoning, he, nonetheless, stopped eating the soy products[2] and his symptoms improved thus convincing him that his problems were related to soy.

Plaintiff claims that "upon information and belief" the Defendants – Walter McNeil (Secretary of the FDOC), Charles Terrell (Bureau Chief of Institutional Support Services), Kathleen Furnham (Nutrition Program Manager), A. Thigpen (Food Service Administrator), and B. Howard (Food Services Director at Mayo Correctional Institution) – knew or reasonably should have known that use of soy protein exposed inmates to serious health risks. Citing a case pending in the United States District Court for the Central District of Illinois raising similar issues, Harris, et al v. Brown, et al, No. 3:07-cv-03225-HAB-CHE (C.D. Ill. filed Aug. 15, 2007),[3] Plaintiff alleges that Defendants knew of the adverse effects of soy protein because they were well documented. Plaintiff also points to the website of Weston Price Foundation, which contains numerous articles about soy poisoning, as further evidence that the adverse effects of soy protein are well

_____

[2] The items identified by the FDOC containing soy protein, as alleged by Plaintiff, are imitation milk, dinner stew, BBQ, veggie chicken salad, turkey meat, and tuna salad.

[3] This case is still pending. Motions for summary judgment have been filed based on an alleged failure to exhaust administrative remedies by the plaintiffs. (Filed January 27, 2010).

documented.  Plaintiff also claims the Defendants knew or should have known about

the adverse effects of soy because the Federal Food and Drug Administration lists over

200 studies on their website showing toxicity levels of soy in its poisonous plant

database and the FDA has never approved soy protein isolate as "generally recognized

as safe" because of toxins and carcinogens present in its processed form.

Plaintiff claims that the Defendants knew specifically about his health problems

related to soy protein because he informed them by filing grievances.  Plaintiff alleges

that despite this knowledge the Defendants implemented menus which included the use

of soy protein state-wide.  According to Plaintiff, Defendant Howard –  the Food Service

Director at Mayo CI –  specifically knew about Plaintiff's health problems related to use

of soy protein because Defendant Howard denied Plaintiff's request for a soy-free food

tray.  Plaintiff claims that Howard has the authority to change the menu at Mayo CI, but

chose not to do so to save money.

Plaintiff seeks declaratory and injunctive relief, specifically an order directing the

DOC to cease serving soy protein and to implement a new, healthy diet.  Plaintiff also

requests nominal, compensatory, and punitive damages, including  "all medical, holistic

and/or herbal measures to overcome any and all future cancer or the propensity of

cancer...sterility... [and] dental care."

## II.  Standard of Review

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the

complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

The complaint's [f]actual allegations must be enough to raise a right to relief above the

speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v.

<u>Florida</u>, 293 Fed. Appx. 708 (11th Cir. 2008) (applying <u>Twombly</u> to a prisoner's *pro se*

complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28

U.S.C. §1915A).  "The Supreme Court's most recent formulation of the pleading

specificity standard is that 'stating such a claim requires a complaint with enough

factual matter (taken as true) to suggest' the required element." <u>Watts v. Florida</u>

<u>International University</u>, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply

calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of the required element. <u>Twombly</u>, at 1965.  In reviewing the dismissal of a

complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the

complaint as true, and pro se pleadings are liberally construed. <u>Brown v. Johnson</u>, 387

F.3d 1344, 1350 (11th Cir.2004).

### III.  <u>Analysis</u>

Plaintiff's claim is based upon a violation of the Eighth Amendment to the

Constitution. The Eighth Amendment governs "the treatment a prisoner receives in

prison and the conditions under which he is confined." <u>Helling v. McKinney</u>, 509 U.S.

25, 31 (1993).  However, "[n]ot every governmental action affecting the interests or well-

being of a prisoner is subject to Eighth Amendment scrutiny." <u>Whitley v. Albers</u>, 475

U.S. 312, 319 (1986).  After incarceration, "only the 'unnecessary and wanton infliction

of pain' . . constitutes cruel and unusual punishment forbidden by the Eighth

Amendment." <u>Ingraham v. Wright</u>, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711

(1977) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976) (citations omitted)). Claims

challenging conditions of confinement under the Eighth Amendment must demonstrate

an infliction of pain "without any penological purpose" or an "unquestioned and serious

deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. <u>Rhodes v.Chapman</u>, 452 U.S. 337, 347 (1981); <u>see</u> <u>also</u> <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

In order to prevail on an Eighth Amendment claim for cruel and unusual punishment, a prisoner must show three elements: (1) the infliction of unnecessary pain or suffering; (2) deliberate indifference on the part of the defendants; and (3) causation. <u>Shepard v. Alvarez</u>, No. 08-10090-CIV, 2009 WL 1872016 at *4 (S.D. Fla. May 21, 2009) (citations omitted).

Where, as here, the claim is based upon the deprivation of food, such a claim can only constitute cruel and unusual punishment if the prisoner is denied "minimal civilized measure of life's necessities." <u>Wilson v.Seiter</u>, 501 U.S. 294, 303 (1991). It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." <u>Shrader v. White</u> ,761 F.2d 975 (4th Cir. 1985) (quoting <u>Ramos v. Lamm</u>, 639 F.2d 559, 571 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981)); <u>French v. Owens</u>, 777 F.2d 1250, 1255 (7th Cir. 1985). The food in prison, however, need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998); <u>Lunsford v. Bennett</u>, 17 F.3d 1574, 1580 (7th Cir. 1994); <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1456 (9th Cir.1993); <u>Green v. Ferrell</u>, 801 F.2d 765, 770 (5th Cir. 1986) (quoting <u>Smith v. Sullivan</u>, 553 F.2d 373, 380 (5th Cir. 1977)); <u>Cunningham v. Jones</u>, 567 F.2d 653, 659-60 (6th Cir. 1977); <u>see</u> <u>also</u> <u>Hamm v. DeKalb County</u>, 774 F.2d at 1575 (prisoners must be provided "reasonably adequate food.").

Federal courts "[c]annot be concerned with a prison menu to which prisoners believe they are entitled. These involve matters of internal prison administration."  See, Tunnel v. Robinson, 486 F. Supp. 1265, 1269 (W.D. Pa. 1980).

The Court is not operating on a blank slate with regard to Plaintiff's claim. On two occasions judges in this District have dismissed almost identical cases for failure to state a claim for relief where the inmate brought a claim alleging the DOC violated the inmate's Eight Amendment right to nutritionally adequate food by serving the inmate soy–protein meals, which caused gastrointestinal symptoms. See Harris v. McNeil, No. 5:10cv76-RS/MD (N.D. Fla. Aug. 3, 2010)( order adopting report and recommendation);[4]  and  Mott v. Fuhrman, No. 5:10cv146-SPM/AK (N.D. Fla. Aug. 23, 2010)(order dismissing case).

Courts in other districts similarly have dismissed cases brought by inmates alleging that the use of soy protein in their food had caused similar health issues as those described by the Plaintiff here.  The Southern District of Illinois dismissed a suit for failure to meet the Twombly threshold because the inmate failed to allege facts sufficient to show that the Defendants (the warden, the governor, and prison staff) knew that soy protein posed a serious risk of harm to the inmate's health.  Thomas v. Davis, No. 10-cv-288-DRH, 2010 WL 4225821 (S.D. Ill. Oct. 20, 2010).  Similarly, the Court In Richardson v. Zimmerman, No. 06-3196,  2008 WL 4491952 (C.D. Ill. Sept. 29, 2008), entered summary judgment for the defendants after finding that "[s]oy protein is a healthy alternative to meat, poultry, and other animal-based products."  Id., at *6.

---

[4]  Plaintiff referenced this case as still pending on July 2, 2010, the date the complaint was filed. However, the case was dismissed on August 3, 2010.  (See Docs. 31 and 34 in Case No. 5:10cv76).

A viable Eight Amendment claim has both an objective and subjective component. Under the objective component the prisoner must not only show that a condition "pose[s] an unreasonable risk of serious damage to his future health or safety" but also that the "risk of which he complains is not one that today's society chooses to tolerate." Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). In short the challenged condition must be "extreme" and "deprive ... [the prisoner] of the minimal civilized measures of life's necessities." Id.

The subjective component requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 154, 1258 (11th Cir. 2000). Thus, a prisoner must allege facts that demonstrate the defendants had "subjective knowledge," i.e. actual knowledge of a risk of serious harm and disregarded that risk. Id., at 83. To establish subjective knowledge, a prisoner must show that the defendants were aware of facts from which they could infer that a substantial risk of serious harm existed and facts that show the inference was indeed drawn. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994); Harper v. Lawrence County, Ala., 592 F.3d 1227 (11th Cir. 2010); Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Imputed or collective knowledge, as Plaintiff alleges here, is not sufficient to establish deliberate indifference. Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). Plaintiff must show that the Defendants had actual knowledge of a known risk.

Plaintiff has failed to do so. Liberally construing the allegations in the First Amended Complaint, the most that Plaintiff alleges is that the Secretary and prison officials responsible for implementing food policy should have known that soy protein

was associated with health issues simply because there was "information available." The First Amended Complaint is devoid of any facts alleging that Defendants were advised by any person or governmental agency that soy protein is harmful, other than by Plaintiff that he believed soy protein was harmful. Failure to adequately allege facts establishing subjective knowledge by the defendants warrants dismissal under 28 U.S.C. §1915A and fails to meet the pleading standard established in Twombly.  See Granda v. Schulman, 372 Fed. Appx. 79 (11th Cir. 2010) (discussing deliberate indifference in the context of denial of medical care).

Moreover, even if the Court accepted Plaintiff's position that Defendants should have been aware of issues relating to soy protein based upon information available on the internet or from the Weston Price Foundation website, that still fails to demonstrate subjective knowledge to establish deliberate indifference. The issue is not whether the Defendants knew of this information but rather if they had known would the Defendants have deduced from that information that soy protein is an actual or serious health risk. There are no allegations in the complaint which suggest that it was even plausible the Defendants should have known that soy protein causes a health risk. Indeed,  Plaintiff alleges he was examined by medical staff and that staff did not associate his gastrointestinal issues with his diet and did not even suggest or prescribe a diet change. The only facts offered to support Plaintiff's theory is that after he stopped eating soy his symptoms abated.  Even if Defendants were aware of this information, there simply is nothing in these facts from which Defendants should necessarily infer a serious health risk.

Plaintiff also contends that Defendants should have known about the health risks

associated with soy because similar allegations have been made in a lawsuit in Illinois and in another case filed in this district. The case in Illinois – <u>Harris, et al v. Brown, et al</u>, No. 3:07-cv-03225-HAB-CHE (C.D. Ill. filed Aug. 15, 2007) – concerns prisoner issues in another state and appears likely to be decided on a jurisdictional issue, and thus has little to do with the merits of whether soy protein is harmful. The other case referenced by Plaintiff, pending in this district – <u>Harris v. McNeil</u>, No. 5:10cv76-RS/MD (N.D. Fla. Aug. 3, 2010) – was dismissed prior to being served so the defendants named in that suit likely would not have known it was filed. Regardless, the <u>Harris</u> court rejected the notion asserted by Plaintiff here – i.e that serving inmates food with soy protein violates the Eight Amendment.

Lastly, with regard to subjective knowledge, Plaintiff alleges that Defendants should have known about the health risks of soy protein because he informed them by filing grievances and when he requested a soy free diet from Warden Howard at Mayo CI. This allegation has little to do with subjective knowledge. The fact that Plaintiff told the Defendant about the health risks of soy protein misses the point. The issue is not whether the Defendants were told but rather whether the Defendants subjectively knew that soy protein caused health risks. Simply because Plaintiff filed a grievance does not mean that the DOC knew there were health risks from soy protein. Moreover, the grievances filed by Plaintiff with Defendant Howard at Mayo Food Services (copies of which are attached to Plaintiff's original complaint)[5] disclose that Plaintiff requested a vegan tray because of religious reasons and not because of health issues related to soy protein.

---

[5] Doc. 1, Ex. P3-C.

Accordingly, because Plaintiff has failed to allege in the First Amended Complaint any facts which plausibly could demonstrate that the Defendants subjectively knew that soy protein caused serious health risks and with such knowledge deliberately served the soy based menu with an intent to punish, the First Amended Complaint is due to be dismissed.[6]

In light of the foregoing, it is respectfully **RECOMMENDED** that:

The complaint should be **DISMISSED** for failure to state a claim for relief.

At Gainesville, Florida, this 2nd  day of December 2010.


*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[6] There is also another even more fundamental problem with Plaintiff's claim. Plaintiff alleges that when he stopped eating the foods with soy protein his symptoms abated. Plaintiff further admits that he was offered an alternative menu but the alternative menu caused him gas because it contained beans. While frequent gas understandably might not be desirable, the fact that Plaintiff experiences gas cannot be considered sufficient to establish an Eighth Amendment claim for cruel and unusual punishment. If that was the case the Court likely would be flooded with thousands of cases by prisoners claiming cruel and unusual punishment every time an inmate experienced flatulence. Certainly, the fact that an inmate experiences flatulence fails to rise to the level of a "risk that today's society chooses not to tolerate."