IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALBERTO RUIZ, JR,

      Plaintiff,

v.                                    CASE NO. 4:10-cv-00275-MP -GRJ

KATHLEEN FURNHAM, B HOWARD, WALTER MCNEIL, CHARLES D TERRELL, A
THIGPEN,

      Defendants.

_____/

# O R D E R

      This matter is before the Court on Doc. 17, Report and Recommendation regarding the
Complaint, Doc. 1.  Plaintiff alleges prison officials subject him to unnecessary and wanton
infliction of pain as constitutes cruel and unusual punishment forbidden by the Eighth
Amendment.  Plaintiff alleges that by serving him soy protein, prison officials subject him to
cruel and unusual punishment.  The Magistrate Judge analyzes the claim, concluding that there is
no allegation that Defendants had subjective knowledge of the alleged health risks of soy
protein.  Moreover, the grievances filed by Plaintiff at Mayo Food Services disclose Plaintiff
requested a vegan tray because of religious reasons, not because of any alleged health risks
related to soy.  Therefore, the Magistrate Judge recommended this case be dismissed, Doc. 17.
Plaintiff timely objected,  Doc. 18.  This Court reviews objected-to material *de novo*.

      Plaintiff objects to the recommendation this case be dismissed on several grounds.  First,
Plaintiff disagrees that his case is dissimilar to two cases cited by the Magistrate that were also
dismissed, on the grounds that his allegations are more specific than those in <u>Harris v. McNeil</u>,
Case No. 5:10-cv-76-RS-MD (N.D. Fla. Aug. 3, 2010) and <u>Mott v. Fuhrman</u>, Case No. 5:10-cv-

146-SPM/AK (N.D. Fla. Aug 23, 2010). Plaintiff also notes that in other cases, service of

process has been ordered where claims were similar to those of Plaintiff. Plaintiff notes that he

is proceeding *pro se*, and that his pleadings should therefore be held to a less stringent standard.

Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A court may sua sponte dismiss a case proceeding *in forma pauperis* if the complaint

fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's

[f]actual allegations must be enough to raise a right to relief above the speculative level. Bell

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); *see also* Cobb v. Florida, 293 Fed. Appx. 708

(11th Cir. 2008) (applying Twombly to a prisoner's pro se complaint brought under 42 U.S.C.

§1983 and dismissing the claim pursuant to 28 U.S.C. §1915A). "The Supreme Court's most

recent formulation of the pleading specificity standard is that 'stating such a claim requires a

complaint with enough factual matter (taken as true) to suggest' the required element." Watts v.

Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply

calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the

required element. Twombly, at 1965. In reviewing the dismissal of a complaint under the 28

U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and *pro se* pleadings

are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir.2004).

Plaintiff's claim is based upon a violation of the Eighth Amendment to the Constitution.

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions

under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993). However, "[n]ot

every governmental action affecting the interests or wellbeing of a prisoner is subject to Eighth

Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986). After incarceration, "only

the 'unnecessary and wanton infliction of pain' . . constitutes cruel and unusual punishment

forbidden by the Eighth Amendment." <u>Ingraham v. Wright</u>, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (*quoting* <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976) (citations omitted)). Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. <u>Rhodes v.Chapman</u>, 452 U.S. 337, 347 (1981); *see also* <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

In order to prevail on an Eighth Amendment claim for cruel and unusual punishment, a prisoner must show three elements: (1) the infliction of unnecessary pain or suffering; (2) deliberate indifference on the part of the defendants; and (3) causation. <u>Shepard v. Alvarez</u>, No. 08-10090-CIV, 2009 WL 1872016 at *4 (S.D. Fla. May 21, 2009) (citations omitted).

Where, as here, the claim is based upon the deprivation of food, such a claim can only constitute cruel and unusual punishment if the prisoner is denied "minimal civilized measure of life's necessities." <u>Wilson v.Seiter</u>, 501 U.S. 294, 303 (1991). It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." <u>Shrader v. White</u>,761 F.2d 975 (4th Cir. 1985) (*quoting* <u>Ramos v. Lamm</u>, 639 F.2d 559, 571 (10th Cir.1980), *cert. denied*, 450 U.S. 1041 (1981)); <u>French v. Owens</u>, 777 F.2d 1250, 1255 (7th Cir. 1985). The food in prison, however, need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998); <u>Lunsford v. Bennett</u>, 17 F.3d 1574, 1580 (7th Cir. 1994); <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1456 (9th Cir.1993); <u>Green v. Ferrell</u>, 801 F.2d 765, 770 (5th Cir. 1986) (*quoting* <u>Smith v. Sullivan</u>, 553 F.2d 373, 380 (5th Cir. 1977)); <u>Cunningham</u>

v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977); *see also* Hamm v. DeKalb County, 774 F.2d at 1575 (prisoners must be provided "reasonably adequate food."). Federal courts "[c]annot be concerned with a prison menu to which prisoners believe they are entitled. These involve matters of internal prison administration." *See* Tunnel v. Robinson, 486 F. Supp. 1265, 1269 (W.D. Pa. 1980).

A viable Eight Amendment claim has both an objective and subjective component. Under the objective component the prisoner must not only show that a condition "pose[s] an unreasonable risk of serious damage to his future health or safety" but also that the "risk of which he complains is not one that today's society chooses to tolerate." Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). In short the challenged condition must be "extreme" and "deprive ... [the prisoner] of the minimal civilized measures of life's necessities." Id. The subjective component requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 154, 1258 (11th Cir. 2000). Imputed or collective knowledge, as Plaintiff alleges here, is not sufficient to establish deliberate indifference. Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008). Plaintiff must show that the Defendants had actual knowledge of a known risk.

Here, the prisoner in question is not being deprived of the minimal civilized measure of life's necessities. Rather, he is being fed nutritious but unpleasant food that he claims has a long-term health consequence. He has not pled sufficient facts plausibly to show that the individual defendants were actually aware of an unreasonable risk of serious damage to his health or safety through eating soy protein. Rather, he has only pled that he complained about the food and attempted to make the prison administration aware of possible risks from long-term ingestion of soy protein by referencing websites such as that of the Weston Price Foundation.

Nor has Plaintiff pled that the public officials used the deprivation, i.e. feeding him soy protein, to punish, as required under <u>Taylor v. Adams</u>. Rather, Plaintiff alleges Defendants feed him soy protein to save money.

Additionally, Plaintiff admits that Prison officials offered him an alternative diet so that he would not have to eat any more soy protein. Plaintiff, in complaining that the bean products contained in the alternative menu items cause him gas, has failed to plead treatment which society chooses not to tolerate, as required by <u>Chandler v. Crosby</u>. Flatulence among felon prison inmates simply is not intolerable to modern society.

This Court finds on *de novo* review that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. Accordingly, it is

**ORDERED AND ADJUDGED:**

1.  The Report and Recommendation of the Magistrate Judge, Doc. 17, is ADOPTED and incorporated herein.

2.  This case is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

3.  The Clerk is directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**DONE AND ORDERED** this   *16th* day of December, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge